IN RE ESTATE OF HOSMER, DECEASED: DRIGGS, ANC. ADMR., ET AL., APPELLANTS, *v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 1076—Decided August 15, 1983.)

*Messrs. Squire, Sanders & Dempsey, Mr. John F. Shelley, Mr. William H. Baughman, Jr.,* and *Mr. Gary J. Dietsch,* for appellants.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Richard C. Farrin,* for appellee.

DAHLING, J. This is an appeal from the Probate Division of the Court of Common Pleas of Geauga County, wherein the court entered its final order overruling the ancillary administrator's and executor's exceptions to the Tax Commissioner's Certificate of Determination of Ohio Estate or Additional Tax.

The facts are that Mrs. Flora M. Hosmer, a New York state resident, expired on September 9, 1978. She owned extensive land holdings in both Lake and Geauga Counties. On December 15, 1978, the decedent's will was admitted to probate in Geauga County. Estate tax returns were subsequently filed at the federal, New York and Ohio levels. On December 18, 1980, a letter was transmitted to the estate representative by the Ohio Tax Commissioner regarding an ad-

ditional tax assessment. After pursuit of the available administrative procedures was unsuccessfully completed, the Tax Commissioner issued a certificate of determination of Ohio estate or additional tax in the amount of $59,174.40. Permitted statutory review by the Geauga County Probate Court upheld the Tax Commissioner's assessment. This appeal followed.

The assignment of error is as follows:

"The probate court erred to the prejudice of appellants in overruling their exceptions to the Tax Commissioner's Certificate of Determination of Ohio Estate or Additional Tax."

This assignment of error is without merit.

This appeal's primary issue is the judicial construction of R.C. 5731.19(C). The section states in part:

"In addition to the tax levied by division (A) of this section, an additional tax is hereby levied on such real and tangible personal property determined as follows:

"(1) Determine the amount of tax which would be payable under division (A) of section 5731.18 of the Revised Code, if the decedent had died a resident of this state with all his personal property situated or located within this state;

"(2) Multiply the tax so determined by a fraction, the denominator of which shall be the value of the gross estate wherever situated and the numerator of which shall be the said gross estate value of the real property situated and the tangible property having an actual situs in this state * * *. The product so derived shall be credited with the amount of the tax determined under division (B) of this section."

Appellants contend that this section must be interpreted in conjunction with the provisions of R.C. 5731.18, most importantly R.C. 5731.18(C) which provides a tax credit for all the estate tax paid. By allowing for the credit for estate taxes paid, the appellants' liability under R.C.

5731.19(C) would be erased. This contention is without merit.

It is noteworthy that this is not an instance of an ambiguous or vague taxation statute. The statute clearly outlines the legislative intent with respect to the method of computation of "additional tax." The legislators did not include "tax credit" language in the statute, and we should not, by judicial construction, add such language. "Strict construction of taxing statutes is required, * * *." *Davis v. Willoughby* (1962), 173 Ohio St. 338 [19 O.O.2d 270], paragraph one of the syllabus.

Appellants also contend that the "additional tax" statute violates the Privileges and Immunities Clause of the United States Constitution, Clause 1, Section 2 of Article IV, in that it imposes two separate and distinct taxation schemes based solely on the residence of the decedent. For R.C. 5731.19(C) to offend the aforementioned clause, the taxation statute must be shown to intentionally operate to the disadvantage of all nonresidents while operating to the advantage of all residents. This must be demonstrated beyond a reasonable doubt to successfully rebut the time-honored presumption of constitutionality of all regularly enacted statutes. The appellants have failed to sustain this burden. At best, they have demonstrated that the additional tax statute operates to the disadvantage to a particular nonresident taxpayer, *i.e.,* the appellants, but have not raised this issue to a constitutional level by such a showing.

The threshold question of whether or not an "estate" is a "citizen" for purposes of the application of the Privileges and Immunities Clause is dispositive of this issue. The Privileges and Immunities Clause of the United States Constitution, Clause 1, Section 2 of Article IV, provides as follows:

"The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States."

By its express terms, the clause affords protection only to citizens. In *Paul* v. *Virginia* (1868), 75 U.S. (8 Wall.) 168, 177, the United States Supreme Court held that "[t]he term citizens as there used applies only to *natural* persons, * * * not to artificial persons * * *." (Emphasis added.) An estate is not a natural person, no more so than a trust which was held not to be a citizen for purposes of the Privileges and Immunities Clause in *Hemphill* v. *Orloff* (1928), 277 U.S. 537, 548.

We conclude that an estate is not a "citizen" for purposes of the application of the Privileges and Immunities Clause.

The judgment of the probate court is affirmed.

*Judgment affirmed.*

Cook, P.J., and Ford, J., concur.